UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-61699-Civ-Cooke/Turnoff

KATHERINE W. YOUNG,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT, INC.
f/k/a ACADEMY COLLECTION SERVICE, INC.,

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT[1]
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, KATHERINE W. YOUNG, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

---

[1] Pursuant to Rule 15, Plaintiff notifies the Court that Defendant has agreed in writing to this amendment.

4. Defendant, MONARCH RECOVERY MANAGEMENT, INC., is a professional corporation and citizen of the State of Pennsylvania with its principal place of business at 10965 Decatur Road, Philadelphia, Pennsylvania. It is formally known as Academy Collection Service, Inc.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's residential telephone on or about the dates stated:

> July 19, 2010 at 8:24 AM – Pre-Recorded Message
> This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.
>
> July 21, 2010 at 8:39 AM – Pre-Recorded Message

2

This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

July 27, 2010 at 9:37 AM – Pre-Recorded Message
Press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

July 28, 2010 at 8:41 AM – Pre-Recorded Message
Two. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

July 29, 2010 at 7:34 PM
Hello. This message is for Katherine Young. Please contact Lisa Shraden at 1-800-220-0605 at extension 2754. Thank you.

August 3, 2010 at 8:15 AM – Pre-Recorded Message
Press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

August 4, 2010 at 8:41 AM – Pre-Recorded Message
This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

August 5, 2010 at 8:47 AM – Pre-Recorded Message
This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

August 6, 2010 at 4:48 PM – Pre-Recorded Message
This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

August 10, 2010 at 8:19 AM – Pre-Recorded Message

> This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2. This is an important call regarding a personal matter. If this is Katherine Young, press 1. If not, press 2.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose its name.

14. Defendant knew it was required to communicate its status as a debt collector, its name and the purpose of its call in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II

4

## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.     Plaintiff incorporates Paragraphs 1 through 14.

18.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

## CLASS ACTION ALLEGATIONS

19.     Plaintiff incorporates the foregoing paragraphs.

20.     This action is brought on behalf of a class defined as:

    a.      all Florida residents for whom Defendant, MONARCH RECOVERY MANAGEMENT, INC. f/k/a ACADEMY COLLECTION SERVICE, INC, left a telephone message in which it failed to disclose that the communication was from a debt collector, its name or the purpose of the call.

    b.      in an attempt to collect a debt incurred for personal, family, or household purposes,

    c.      than due Asset Acceptance, LLC,

5

  d. during the one-year period prior to the filing of the complaint in this matter through the date of class certification.

21. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

22. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

  a. whether Defendant's messages violate the FDCPA and

  b. whether Defendant is a debt collectors.

23. The claims of Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

24. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

25. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy

WHEREFORE, Plaintiff, KATHERINE W. YOUNG, requests that the Court enter judgment in favor of herself and the class and against Defendant MONARCH RECOVERY MANAGEMENT, INC.

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com

By: s/ Donald A. Yarbrough

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-61699-Civ-Cooke/Turnoff

KATHERINE W. YOUNG,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT, INC.
f/k/a ACADEMY COLLECTION SERVICE, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 19, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                             s/Donald A. Yarbrough
                                             Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Dayle M. Van Hoose, Esq.
Sessions, Fishman, Nathan & Israel, LLC
Suite 195
3350 Buschwood Park Drive
Tampa, FL 33618
Telephone: 813-890-2463
Facsimile: 866-466-3140

Via Notices of Electronic Filing generated by CM/ECF

9